■ In the Matter of JULIA M. DELLA CROCE, Appellant. COMMISSIONER OF LABOR, Respondent. [984 NYS2d 888]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed 40 hours per week for a not-for-profit emergency food assistance program. She resigned her position on September 1, 2010, with an effective date of October 1, 2010, after the employer rejected her request for an increase in pay, less hours for the same salary she was currently receiving, and a six-week leave of absence. According to claimant, she subsequently injured her back at work on September 10, 2010 and, except for a brief return to work on September 15, 2010, she was unable to continue working due to the injury. Claimant was paid through September 30, 2010 and, thereafter, applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board ruled that claimant voluntarily left her employment without good cause and was therefore disqualified from receiving unemployment insurance benefits. Claimant appeals.

We affirm. "[D]issatisfaction with one's hours, compensation and/or general working environment does not constitute good cause for leaving one's employment" (*Matter of Scoville [Commissioner of Labor]*, 49 AD3d 1130, 1130 [2008]; *see Matter of Barone [Commissioner of Labor]*, 108 AD3d 918, 918-919 [2013]; *Matter of Benyoussef [Commissioner of Labor]*, 23 AD3d 902, 902 [2005]). Here, claimant submitted her resignation on September 1, 2010, prior to her injury, due to her dissatisfaction with her pay and work schedule. Further, claimant testified that, regardless of her injury, she would not have continued working for the employer under the current schedule and compensation. Inasmuch as substantial evidence supports the Board's determination that claimant left her job for personal and noncompelling reasons, its decision will not be disturbed.

Peters, P.J., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.